UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-05542 CAS (RCx) | Date | September 14, 2009 |
|---|---|---|---|
| Title | JET INNOVATIONS v. GORDON R. ROSS, ETC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Sandra Robertson | | Kurt Dreibholz | |

**Proceedings:** **DEFENDANT'S MOTION TO TRANSFER FOR CONVENIENCE** (filed 08/05/09)

## I. INTRODUCTION

On June 17, 2009, plaintiff Jet Innovations filed suit in the Los Angeles Superior Court against defendant Gordon Ross individually and doing business as Aircraft Interior Services, Inc. and Aircraft Interior Services, LLC. Compl. at 1. On July 29, 2009, defendants removed the case to this Court on the basis of diversity jurisdiction. In its complaint, plaintiff alleges claims for breach of contract, declaratory relief, and claim and delivery. Id. at 1, 4-5.

On August 5, 2009, defendants filed the instant motion to transfer venue to the United States District Court, Eastern District of Michigan. On August 31, 2009, plaintiff filed its opposition. On September 8, 2009, defendants filed their reply. A hearing was held on September 14, 2009. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II. BACKGROUND

The present case arises out of a dispute over the quality of the work defendants performed in Michigan to refurbish plaintiff's airplane. Plaintiff alleges that it entered into a contract with defendants on April 2, 2007 entitled Master Agreement For Work Performed On Aircraft ("Master Agreement"). Compl. at 2. Under the Master Agreement, defendant Aircraft Interior Services agreed to perform specific tasks to improve the plaintiff's airplane. Id. Plaintiff alleges that it paid to defendants the sum of $350,665 for work performed on the plane, as well as a participation fee of $80,000 and a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-05542 CAS (RCx) | Date | September 14, 2009 |
|---|---|---|---|
| Title | JET INNOVATIONS v. GORDON R. ROSS, ETC.; ET AL. | | |

deposit of $10,000.  Id.  Plaintiff contends that defendants breached the Master Agreement by (1) refusing to deliver parts for the airplane, (2) improperly removing parts previously installed in the plane, (3) refusing to repay plaintiff part of the participation fee, (4) failing to credit plaintiff the initial deposit of $10,000, and (5) failing to properly complete all the interior work in "a good and workmanlike manner" in time for the Dubai Air Show in November 2007.  Id. at 2-3.

### III.   LEGAL STANDARD

    **A.   Motion to Transfer**

In deciding a motion to transfer, the Court must consider the following three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice.  28 U.S.C. § 1404(a); see Los Angeles Mem'l Coliseum Comm'n v. NFL, 89 F.R.D. 497, 499 (C.D. Cal. 1981).

In analyzing the "interests of justice," a number of factors are relevant, including the following: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.  Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).  Other factors that can be considered are: the enforceability of the judgment; the relative court congestion in the two forums; and which forum would better serve judicial economy.  17 MOORE'S FEDERAL PRACTICE § 111.13[1][c] (3d ed. 1997).

However, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors set forth above weigh heavily in favor of venue elsewhere."  Catch Curve, Inc. v. Venali, Inc., 2006 U.S. Dist. LEXIS 96379, *3-4 (C.D. Cal. 2006).  The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer.  Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278-279 (9th Cir. 1979); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) ("The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-05542 CAS (RCx) | Date | September 14, 2009 |
|---|---|---|---|
| Title | JET INNOVATIONS v. GORDON R. ROSS, ETC.; ET AL. | | |

defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). The decision to transfer lies within the sound discretion of the trial judge. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988).

### B. Forum Selection Clause

Under federal law, forum selection clauses are presumed to be valid. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). Enforcement will be ordered unless it clearly would be "unreasonable and unjust, or the clause was invalid for such reasons as fraud or over-reaching." Id.; Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 591 (1991); Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 512 (9th Cir. 1988). A forum-selection clause is unreasonable if: (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum. Bremen, 407 U.S. at 12-18. The party seeking to avoid the forum-selection clause "bear[s] a heavy burden of proof." Id. at 17.

## IV. DISCUSSION

Defendants argue that this case should be transferred to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a). Mot. at 1. Plaintiff responds that the final signed contract between the parties included a valid forum selection clause wherein the parties consented to jurisdiction in California. Opp'n at 1. Specifically, paragraph 15 of the Master Agreement reads:

> Each party hereby consents to the exclusive jurisdiction of the state and federal courts sitting in California in any action on a claim arising out of, under or in connection with the Master Agreement or the transactions contemplated by this Master Agreement.

Id.; Master Agreement at ¶ 15. Plaintiff contends that the agreement of both parties to jurisdiction in California pursuant to the forum selection clause should "figure centrally in the court's determination as to whether a transfer should be made." Opp'n at 3 (citing In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989) ("[W]hile other factors might

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-05542 CAS (RCx) | Date | September 14, 2009 |
|---|---|---|---|
| Title | JET INNOVATIONS v. GORDON R. ROSS, ETC.; ET AL. | | |

'conceivably militate against a transfer . . . the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors.")).

Defendants "do not dispute the validity of the forum selection clause." Reply at 3. Instead, defendants contend that it is "heavily outweighed by the remaining 1404(a) factors, such as the convenience of witnesses, ease of access to proof and the probable application of Michigan law." Id.

Based on the evidence before it, the Court finds that the plaintiff and defendants agreed to the forum selection clause set forth above. Defendants have failed to present evidence to demonstrate that the selected forum is so gravely difficult and inconvenient that defendants "would effectively be deprived of [their] day in court were the clause enforced." Murphy v. Schneider National, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004) (citing and quoting Bremen, 407 U.S. at 12-18). Neither have defendants shown any evidence of fraud or that "enforcement would contravene a strong public policy of the forum in which suit is brought." Id. For these reasons, the court DENIES defendants' motion to transfer.

## V. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES defendants' motion to transfer venue.

IT IS SO ORDERED.

| | 00 | : | 09 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |